# STRAFFORD,

## JANUARY TERM, A. D. 1846.

---

### WIGGINS *v.* SHAPLEIGH.

A plea of discharge under the United States bankrupt law should state enough to show that the District Court had jurisdiction of the cause and the party, but need not set forth the proceedings particularly.

ASSUMPSIT, on a promisory note, dated on the 12th of January, 1840, for $100, payable by the defendant to one Stephen Twombly, or order, on demand, with interest, and by him indorsed to the plaintiff.

Plea, *actio non*, &c., because the defendant says "that he, the said Shapleigh, on the 18th day of May, A. D. 1842, he at that time residing in the district of New-Hampshire, by petition, setting forth, to the best of his knowledge and belief, a list of his creditors, their respective places of residence, the amount due to each, together with an accurate inventory of his property, rights and chattels, of every name, kind and description, and the location and situation of each and every parcel and portion thereof, verified by his oath, applied to the District Court of the United States for the said district of New-Hampshire, by filing said petition in the office of the clerk of said District Court, for the benefit of an act of Congress, entitled an act to establish a uniform system of bankruptcy throughout the United States; and in said petition he, the said

Shapleigh, declared himself unable to meet his debts and engagements; and said Shapleigh further in fact says, that upon said petition being filed as aforesaid, notice thereof was published at least twenty days before the hearing thereof, on the 22d day of June, A. D. 1842, in one or more public newspapers printed in said district, designated by said District Court; and that upon the hearing upon said petition by said District Court, at Exeter, in said district, on said 22d day of June, A. D. 1842, he was declared a bankrupt, by a decree of said District Court; and said Shapleigh further in fact says, that on the 23d day of June, A. D. 1842, he filed his petition in the office of the clerk of said District Court, which had declared him a bankrupt, as aforesaid, for a full discharge from all his debts, provable under said bankruptcy, to be decreed and allowed him, and a certificate thereof granted him by said District Court; and said Shapleigh further in fact says, that notice of said petition for said discharge, to all creditors who had proved their debts, and other persons in interest, to appear at a particular time and place, being the time and place of discharge, and the order of court thereon for the hearing thereof, were published at least seventy days before the 21st day of September, A. D. 1842, being the day appointed for the hearing thereof, in some public newspaper printed in said district, designated by said District Court; and when the residence of any creditor was known, notice thereof was given in the form prescribed and required, and in the mode required and prescribed by said act of Congress and said District Court; and said Shapleigh further in fact says, that he *bona fide* surrendered all his property and rights of property, as required by said act of Congress, with the exception mentioned in said act of Congress, for the benefit of his creditors, and fully complied with and obeyed all the orders and directions which from time to time were passed by the said District Court, and otherwise conformed to all the other requisitions of said

act of Congress; and said Shapleigh further in fact says, that said District Court, at Portsmouth, in said district, on said 21st day of September, A. D. 1842, decreed and allowed him a full discharge from all his debts provable under said act of Congress, in said matter of bankruptcy, and on the 3d day of November, A. D. 1842, granted him a certificate of discharge; and said Shapleigh further in fact says, that said claims of said John H. Wiggins, at the time of filing said petition, on said 18th day of May, A. D. 1842, to be declared a bankrupt, were at that time subsisting claims, and then were and ever since have been provable under said act of Congress, in said matter of bankruptcy, and this," &c.

The plaintiff demurred to the plea, and assigned the following causes, to wit: 1. For that the defendant has not shown by his plea that the debt declared on was a debt which was not created in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, while the said Shapleigh was acting in any other fiduciary capacity. 2. For that the said Shapleigh has not in or by his said plea alleged or shown that notice of his petition for a discharge from all his debts provable under his said bankruptcy to be decreed and allowed him, and certificate thereof granted him by said District Court, and the order of court thereon for the hearing thereof, was published in some public newspaper in said district, more than seventy days prior to the granting of said certificate of discharge, nor where said notice was published. 3. For that the said Shapleigh has not, in or by his said plea, alleged or shown that his discharge and certificate were not granted until ninety days from his decree of bankruptcy, nor until after seventy days' notice in some public newspaper, designated by said District Court, to all creditors who had proved their debts, and other persons in interest, to appear at a particular time and place, to show cause why such discharge and certificate should not be granted.

4. For that the said act of Congress, entitled an act to establish a uniform system of bankruptcy throughout the United States, is an unconstitutional act, and therefore null and void.

*Wiggins*, for the plaintiff.

*Wells*, for the defendant.

GILCHRIST, J. It was held, in *Johnson* v. *Ball*, 15 N. H. 407, that in pleading a discharge under the bankrupt law it was only necessary to set forth enough to show that the court had jurisdiction of the case and granted the discharge. Any mere error in the course of the proceedings of the District Court would not avoid the discharge; and, therefore, if the proceedings are set forth in detail in the plea, it would seem that most of its averments could not be traversed, as it would lead only to an immaterial issue to do so. That decision has since been acted upon in practice, and cases have been decided in conformity with its doctrine. *Cutter* v. *Folsom*, Rockingham, December term, 1844.

The plea should state the facts necessary to give the court jurisdiction; that is, it should state the conditions required by the act for that purpose. The party must have resided, at the time of his application, within the jurisdiction of the court to which he applies. He must be owing debts which shall not have been created in consequence of a defalcation as a public officer, or as executor, or while acting in any other fiduciary capacity. But it has been decided that it is not necessary to allege in his plea that the debts which he owed were other than such kinds of debts, and it is sufficient to state merely that he was owing debts. If the debt sought to be avoided or barred by the discharge is of the fiduciary or other excepted class, it may be so stated in the replication, and the plea will thereby

be answered and avoided. If the debt is not of any of the excepted classes, it would answer no reasonable purpose for the defendant to aver in his plea that he owed debts not created in a manner to prevent the application of the bar.

The bankrupt law does not require the petitioning party to allege that his debts are other than of the excepted classes; and it has been held, that if a fiduciary creditor proves his debt he shall be estopped to deny that it was a debt provable under the statute. *Fisher* v. *Currier*, 7 Met. 424.

It must appear, also, that he actually filed his petition, as required by the statute; but he need not state that schedules were annexed to or accompanied it; nor need he set forth other contents of the petition, in order that the court may judge whether it contained all that it ought to have contained. Those things pertain to the jurisdiction of the District Court, who will examine into the sufficiency of the petition, and grant leave to amend in cases requiring it.

The authority to grant leave to amend the proceedings is incident to all courts, in cases rightfully before them; that is to say, in cases which are within their jurisdiction, and which have been brought before them by the appropriate formal process. They will grant amendments also of the process itself, where the error or omission is of a formal nature.

It would, therefore, seem to be trenching upon the limits of another tribunal for us to inquire whether there was in the process, or in the subsequent proceedings, an error or omission requiring amendment, or whether, in cases of actual amendment by an order of that tribunal, leave was properly granted.

We certainly should not require a plea to set forth all the proceedings, and show their conformity to the statute, whatever might be held with respect to an irregularity distinctly pointed out by a replication.

This rule of practice would apply to the objection, raised by the demurrer, to the time intervening between the decree of bankruptcy and the discharge, which appears by the dates to have been sufficient.

The proceedings before the District Court are not strictly analogous to the proceedings before the commissioners of bankruptcy in England, where the forms of pleading adopted set out all the particulars.   2 Chit. Pl. 424.

*Judgment for the defendant on demurrer.*